UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,

    Plaintiff,

v.

GENERAL R.V. CENTER, INC.,
LOREN BAIDAS, CHRISTOPHER
DAVIS, CHRISTOPHER MILLER,
JOY FOWLER,

    Defendants.
_____/

Case No. 20-cv-13371
Paul D. Borman
United States District Judge

# ORDER DENYING DEFENDANT CHRISTOPHER MILLER'S MOTION TO DIMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(h)(3)

## BACKGROUND

On January 11, 2022, Plaintiff filed a First Amended Complaint containing federal claims in Counts One and Three: Title VII of the Civil Rights Act of 1964. The federal Counts did not contain a claim against Defendant Miller.

The Complaint contained eight other claims under State of Michigan laws, including:

    Count II Sex Harassment Discrimination - Elliott Larsen
    Civil Rights Act (ELCRA);

    Count IV Retaliation - ELCRA;

    Count V Tortious Interference with a Business
    Relationship - Miller;

1

      Count VI Tortious Interference with a Business Relationship - Baidas;

      Count VII Civil Conspiracy/Covert in Action;

      Count VIII Intentional Inflection of Emotional Distress;

      Count IX Assault and Battery.

On February 11, 2022, Defendant Christopher Miller filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject-matter jurisdiction, and 12(h)(3), lack of subject-matter jurisdiction, and for Partial Summary Judgment Re: Any Claims Based Upon Title VII of the Civil Right Act of 1964, and for Dismissal of All of Plaintiff's State Law Based Claims. (ECF No. 23.)

On February 23, 2022, Plaintiff filed a Response in Opposition. (ECF No. 25.)

On February 28, 2022, Defendant Miller filed a Reply. (ECF No. 28.)

## DISCUSSION

The First Amended Complaint alleges that while Plaintiff was employed by Defendant General R.V. Center, Inc., Christopher Miller, General's Corporate Sales Manager, sexually assaulted her while they were working at an R.V. show.

Miller's Motion to Dismiss alleges that because the counts do not allege federal civil rights violations against him, just state law claims, this Court must dismiss him from the case.

2

Plaintiff's Response to Defendant Miller's Motion alleging that the Court lacks subject matter jurisdiction over Miller, is that 28 U.S.C. § 1367(a), titled "Supplemental Jurisdiction," states that when a district court has original jurisdiction in a civil action, the district court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiff Pianko contends that in the instant case, the Michigan ELCRA claims against Defendant Miller derive from a "common nucleus of operative fact" as to her Title VII claims against Defendant General R.V. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## **CONCLUSION**

Plaintiff Pianko's Complaint raises federal Title VII claims and Michigan state law claims arising from the same dispute: Defendant Miller, employed by Defendant General, while working at a trade show with his subordinate Plaintiff Pianko, allegedly sexually harassed and assaulted her.

The Court finds that supplemental jurisdiction permits it to combine in this Court, the federal Article VII claim against General, and the Plaintiff's ELCRA and

3

other state law claims against General, Miller, and the other Defendants. The Court also concludes that judicial economy supports the Court's decision to hear the state law claims against Defendant Miller.

Justice Brennan's unanimous Supreme Court opinion in *United Mine Workers of American v. Gibbs*, 383 U.S. 715, 725 (1966), states in pertinent part:

> The federal claim must have substance sufficient to confer subject matter jurisdiction on the court; the state and federal claims must derive from a common nucleus of operative fact, but if, considered without regard for their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

(Case citation omitted.) Justice Brennan recognized that while this power need not be exercised in every case in which it is found to exist, that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Brennan's opinion also noted that pendent jurisdiction justification lies in considerations of judicial economy, convenience, and fairness to litigants.

In the instant case, the Court finds that judicial economy, convenience, and fairness to the litigants, support the Court's exercise of pendent jurisdiction over the state law claims asserted by Plaintiff Pianko against Defendant Miller.

Accordingly, the Court DENIES Defendant Christopher Miller's Motion to Dismiss.

SO ORDERED.

DATED: March 24, 2022
                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE