UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,                                      Case No.: 20-13371
                              Plaintiff,

v.                                                 Paul D. Borman
                                                   United States District Judge

GENERAL R.V. CENTER, INC.,
*et al.*,                                          Curtis Ivy, Jr.
                              Defendants.          United States Magistrate Judge
_____/


**ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS (ECF No. 41)**

Plaintiff Morgan Pianko sues her former employer General R.V. and store

managers alleging sexual harassment and hostile work environment.  A main

allegation in the complaint is that, while both were employed by General R.V.,

Defendant Christopher Miller sexually assaulted Plaintiff in a hotel room during a

work trip.

On February 11, 2022, Miller moved to dismiss the complaint and for partial

summary judgment because the Court did not have subject matter jurisdiction over

him.  (ECF No. 22).  On March 17, 2022, Plaintiff moved "for Return of Property"

and for sanctions under Federal Rule of Civil Procedure 11.  (ECF No. 41).  She

argues, in short, that there was no legal basis for the motion.  District Judge Paul

Borman denied Miller's motion to dismiss.  (ECF No. 49).  He referred the motion

for sanctions to the undersigned for hearing and determination.  (ECF No. 44).

A.    Rule 11 standards

Under Rule 11 of the Federal Rules of Civil Procedure, the court has

discretion to award sanctions (1) when a party presents pleadings, motions or

papers to the court for an improper purpose, (2) if the claims, defenses or other

legal contentions therein are not warranted by existing law or a nonfrivolous

extension of the law, or (3) if the allegations and other factual contentions therein

do not have evidentiary support.  If "the court determines that Rule 11(b) has been

violated, the court may impose an appropriate sanction on any attorney, law firm,

or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P.

11(c).  "Rule 11 sanctions may be awarded only if [the party's] conduct in the

litigation was objectively unreasonable . . . or if [the party] did not have a

reasonable basis for making her claim."  *Montell v. Diversified Clinical Servs.,*

*Inc.*, 757 F.3d 497, 510 (6th Cir. 2014) (citations omitted).

B.    Miller's Motion to Dismiss and Order Denying the Motion

Miller moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and

12(h)(3) for lack of subject matter jurisdiction.  He alternatively moved for partial

summary judgment against Counts I (Title VII Sex Harassment Discrimination)

and III (Title VII Retaliation) of the complaint.  As the District Judge noted,

however, the federal counts lacked a claim against Miller. (ECF No. 49, PageID.1893). So, the Court (and the undersigned here) focused on the motion to dismiss.

Assuming there were no federal claims against him, Miller argued the Court should not exercise supplemental jurisdiction over the state law claims. (ECF No. 23, PageID.661). He essentially argued that a federal claim must be asserted against him to assert a state claim against him. Plaintiff argued in response that the doctrine of supplemental jurisdiction allowed the Court to adjudicate the state law claims against Miller without a federal claim against him because the state law claims were "so related" to the federal claims against General R.V. She argued the state law claims derive from a "common nucleus of operative facts" as the Title VII claims. (ECF No. 25, PageID.729-30).

Because Plaintiff's federal and state law claims arise from the same dispute, the Court determined it had supplemental jurisdiction to permit it to combine the claims in this Court. (ECF No. 49, PageID.1895-96). The Court acknowledged that supplemental jurisdiction is a doctrine of discretion and found "that judicial economy, convenience, and fairness to the litigants, support the Court's exercise of pendent jurisdiction over the state law claims asserted" by Plaintiff against Miller. (*Id.* at PageID.1896).

C.    Motion for sanctions

3

Preliminarily, Plaintiff's motion was docketed as a joint motion for return of property and for sanctions.  It appears Plaintiff's counsel mistakenly selected "return of property" in the electronic docketing system because there is no discussion of the return of any property in the motion.  The motion references Rule 11 sanctions only.

In her motion for sanctions, Plaintiff details the communications her counsel sent to Miller's counsel about his motion to dismiss.  In those communications, Plaintiff's counsel argued that the Court has supplemental jurisdiction over the claims against Miller because those claims derive from a common nucleus of operative facts as the federal claims.  (ECF No. 41, PageID.1224-28).  Miller did not agree to withdraw his motion.

Plaintiff argues Miller's refusal to withdraw the motion is cause for sanctions because the law establishes that courts have supplemental jurisdiction over state claims in cases such as this.

The Court will not award sanctions against Miller or his counsel.  As the District Judge pointed out, supplemental jurisdiction is a discretionary, not mandatory, doctrine.  Even when a court has supplemental jurisdiction over a claim, it does not have to accept that jurisdiction.  Admittedly, Miller's motion proceeded on the mistaken foundation that a federal claim must be asserted against the defendant against whom state law claims are also asserted to invoke

4

supplemental jurisdiction.  And Plaintiff's counsel pointed this out to Miller's counsel.  But the basic proposition of the motion to dismiss was that the Court should not exercise supplemental jurisdiction over the state law claims, a legal position that was not unreasonable to a degree that sanctions should be awarded.[1] The motion is therefore **DENIED**.

      **IT IS SO ORDERED**.

      The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

---

[1] Plaintiff's counsel asserts that Miller's counsel's agreement in the parties' joint discovery plan that the Court has supplemental jurisdiction over state law claims is another reason to award sanctions for the challenge to the supplemental jurisdiction.  Subject matter jurisdiction, however, cannot be waived or forfeited.  *United States v. Al-Maliki*, 787 F.3d 784, 791 (6th Cir. 2015) (citation omitted).  A party may raise the challenge even after agreeing the court has subject matter jurisdiction.

Date: April 25, 2022                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge