UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,                                   Case No.: 20-13371
                         Plaintiff,
v.                                               Paul D. Borman
                                                 United States District Judge
GENERAL R.V. CENTER, INC.,
*et al.*,                                        Curtis Ivy, Jr.
                         Defendants.             United States Magistrate Judge
_____/

## ORDER GRANTING MILLER'S MOTION TO QUASH (ECF No. 90)

Before the Court is Defendant Christopher Miller's motion to quash a third-party subpoena Plaintiff scheduled for July 12, 2022.  (ECF No. 90).  Plaintiff noticed the deposition on June 27, 2022.  Miller argues the deposition should not be permitted because it was noticed after the March 31, 2022, discovery deadline and Plaintiff did not seek or has not been granted a discovery extension under Fed. R. Civ. P. 16.  Plaintiff states she learned of  the potential deponent during a May 16, 2022, deposition.  That deposition occurred after the discovery deadline on an agreement of counsel.  She argues the motion to quash should be denied because (1) there is no prejudice to the defendants, (2) she will be prejudiced without the deposition because she needs the testimony to respond to dispositive motions and to motions in limine, and (3) the deposition is necessary to preserve the testimony for trial.  (ECF No. 98).

Generally, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006)). If the movant can show the subpoena would violate their privilege or a personal right, they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). The party seeking to quash a third-party subpoena must meet a heavy burden of proof. *Wells*, 2006 WL 3203905, at *2. For example, a party who makes no claim of privilege or personal right considering the heavy burden lacks standing to quash a third-party subpoena. *Underwood*, 2008 WL 5235992, at *1. Miller has not made such a showing.

Unlike a motion to quash, a motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c)(1). Courts in the Sixth Circuit have interpreted the mention of "a party" as allowing parties to file a motion for a protective order for a non-party. *See Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, No. 01-2417-GV, 2002 WL 1483879, at *2 (W.D. Tenn. Jun.26, 2002) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party"); *see also Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 ("[Courts within the Sixth Circuit] held that discovery need not be

sought from a party in order for a party to have standing to challenge subpoenas served on non-parties."). Thus, some courts have reviewed motions to quash third-party subpoenas under the standards of a Rule 26(c) protective order as well. *Underwood*, 2008 WL 5235992, at *2. The Court will do so here, especially given that Plaintiff did not challenge the nature of Miller's motion.

Under Fed. R. Civ. P. 26(c)(1) the court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." To satisfy the requirements of Rule 26(c), "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and these limits grow more formidable as the showing of need decreases." *Serrano*, 699 F.3d at 901 (quoting 8A Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice and

Procedure § 2036 (3d ed. 2012)).  Courts have broad discretion to determine

whether a protective order is appropriate and what degree of protection is

required.  *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

Third-party subpoenas issued pursuant to Fed. R. Civ. P. 45 are subject to

the Court's scheduling orders.[1]  *See Olmstead v. Fentress Cty., Tenn.*, 2018 WL

6198428, at *3 (M.D. Tenn. Nov. 28, 2018) ("Courts in this circuit have held that

subpoenas are discovery devices that are subject to the discovery deadlines in a

scheduling order.").  Discovery closed on March 31, 2022.  (ECF No. 13).  An

extension was not granted.  Thus, the June 27, 2022, notice of deposition was not

timely.  Protective orders have been granted due to the untimeliness of a noticed

deposition.  *See Focus Health Grp., Inc. v. Stamps*, 2020 WL 7774906, at *2 (E.D.

Tenn. Dec. 30, 2020) (collecting cases); *Miami Valley Fair Hous. Ctr., Inc. v.

Connor Grp.*, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011) ("To allow the

Defendant to use a Rule 45 subpoena in order to depose a witness after the

discovery cut-off deadline has passed, without express approval from this Court,

would clearly amount to nothing more than a circumvention" of the scheduling

order).

---

[1] It is not clear whether Plaintiff served a Rule 45 subpoena or only an informal notice of the deposition.  Either way, the same principle applies—depositions of third parties are subject to the Court's scheduling orders.

4

Plaintiff has not shown entitlement to a potential extension of discovery to take this deposition.  A case management order can be modified if there is "good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted).  The Court should also consider possible prejudice to the party opposing the modification.  *Id.*  "Even if an amendment would not prejudice the nonmoving party, the moving party must nonetheless demonstrate good cause for 'why he failed to move for the amendment at a time that would not have required a modification of the scheduling order.'"  *Barnes v. Malinak*, 2017 WL 3161686, at *2 (E.D. Tenn. July 25, 2017) (quoting *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010)).  When determining good cause to modify a case management order, courts generally consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests."  *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). The overarching inquiry in these factors is whether the movant was diligent in pursuing discovery.  *Id.*  Indeed, courts are directed to first find that the moving

party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014).

Although Plaintiff did not learn of the existence of this witness until May 16, 2022, after discovery had closed, good cause exists to enter a protective order prohibiting the deposition. Even though she learned of the witness on May 16th, she did not notice the deposition until more than a month later on June 27, 2022. This notice also comes nearly two weeks after the defendants filed motions in limine. Plaintiff was not diligent in pursuing this deposition and she never moved for an extension of discovery to take the deposition.

Plaintiff's last argument against a protective order is misplaced. Recall her first two arguments are that the defendants will not be prejudiced by taking the deposition and that she needs the deposition testimony to respond to the motions in limine and potential motions for summary judgment. But in her last argument, she asserts this deposition is not a discovery deposition. Rather, it would be for preserving the deponent's testimony for trial because she might not be available at that time. There is a distinction between discovery depositions and trial depositions. The latter are not governed by discovery deadlines. *See Marmelshtein v. City of Southfield*, 2010 WL 4226667, at *2 (E.D. Mich. Oct. 21,

6

2010) (noting that courts in this circuit "generally recognize the need to treat *de bene esse* depositions differently in certain respects that those of discovery depositions" and allowing the plaintiff to conduct a second deposition of a witness for trial purposes after the close of discovery); *Burket v. Hyman Lippitt, P.C.*, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008) (holding that the discovery deadline did not apply to *de bene esse* depositions).  Contrary to the argument, all indications are that this is a discovery deposition which Plaintiff intends to use to rebut pretrial motions instead of a deposition to preserve testimony for trial.

Miller's motion is **GRANTED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: July 11, 2022                    <u>s/Curtis Ivy, Jr.</u>
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge