UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MORGAN PIANKO,<br>              Plaintiff,<br>v.<br><br>GENERAL R.V. CENTER, INC.,<br>*et al.*,<br>              Defendants.<br>_____/ | Case No.: 20-13371<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER ON MOTIONS TO COMPEL (ECF Nos. 64, 73), MOTIONS FOR RECONSIDERATION (ECF Nos. 68, 75), and MOTION FOR LEAVE TO FILE EXHIBITS (ECF No. 103)**

Before the Court are two discovery motions filed by the parties and motions for reconsideration filed by the Plaintiff, each addressed in turn. Each of these motions was referred to the undersigned for determination.

A.   Motions to Compel Against Plaintiff (ECF No. 64, 75)

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence

to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Defendants Loren Baidas, Christopher Davis, Joy Fowler, and General R.V. Center move to compel Plaintiff to respond to interrogatories and requests for production of documents. They assert that after granting Plaintiff extensions of time to respond to the discovery, she still has not responded. Plaintiff argued she responded to interrogatories on March 18, 2022. (ECF No. 70). Defendants clarified in reply that they mistakenly referenced interrogatories sent on January 31, 2022, which they acknowledge Plaintiff responded to. Even so, they maintain she has not responded to interrogatories sent on March 1, 2022. These defendants did not discuss requests for production in reply, which suggests they received responses.

The day after Plaintiff filed her response brief about the January 31, 2022 interrogatories, Defendants General RV, Baidas, Davis, and Fowler moved again

2

to compel responses to their March 1, 2022 interrogatories, which they conveyed Plaintiff had yet to respond.  In her response brief, Plaintiff stated she had since responded to the discovery and offered some reasons for the delay.  (ECF No. 77).  The defendants did not file a reply brief or otherwise indicate disagreement with Plaintiff's assertion that she has now responded.

Responses and/or objections to interrogatories are due 30 days after service.  Fed. R. Civ. P. 33(b)(2).  According to the briefing, Plaintiff has not served responses or objections to interrogatories served on March 1, 2022.  The time to do so has passed, and Plaintiff has not provided justification for her failure.  Because the defendants did not address the requests for production in the reply, it is not clear whether they have received those responses.  Responses for these requests are also due 30 days after service.  Fed. R. Civ. P. 34(b)(2)(A).

Given Plaintiff's representation in response to the second motion to compel (and no reply was filed to contest that representation)—that she responded to the March 1, 2022 interrogatories—both motions to compel are **TERMINATED AS MOOT**.

B.     Motions for Reconsideration (ECF No. 68, 75)

In both motions for reconsideration, Plaintiff relied on an outdated version of the Local Rules.  When Plaintiff filed her motions for reconsideration, the new rule applied.  The rule provides:

3

> (2)  Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B)  An intervening change in controlling law warrants a different outcome; or
>
> (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision

MIED L.R. 7.1(h)(2).  Based on the arguments advanced by Plaintiff, LR 7.1(h)(2)(A) applies to these motions.

A motion for reconsideration should not be used to get a second bite at the apple.  "Indeed, motions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered." *Bowles v. Macomb Cmty. Coll.*, 2022 WL 1469515, at *1 (E.D. Mich. May 10, 2022); *see also Saltmarshall v. VHS Child. Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019).  They are granted only where the moving party has shown the Court made a mistake based on the record and law before it when it made the ruling.

    1.    Motion at ECF No. 68

4

This motion for reconsideration relates to the Court's ruling on Plaintiff's motion to compel at ECF No. 24.  There, Plaintiff stated a vague and general argument that there were emails General RV had not produced in response to discovery requests.  There was no discussion of the specific emails.  In response, General RV argued emails from non-parties Wade Stufft, Robert Green, and Jason Quillan were not relevant because they were not involved with the conduct alleged in the complaint.  (ECF No. 31).  In the reply brief, Plaintiff expanded on her argument for emails, now from defendant Baidas and the non-parties.  She argued the emails were relevant to proving that General RV allowed, condoned, or enabled sexual abuse, that it failed to enforce its policies against sexual harassment, and that it failed to take prompt and appropriate remedial action when it received sexual harassment complaints.  (ECF No. 38, PageID.871).  As for the emails from non-parties, she asserted their emails containing certain keywords are relevant because those persons were or would have been involved in sexual harassment investigations at General RV.  (*Id.* at PageID.875-76).  She argued Baidas's emails are relevant because they would show his discriminatory animus towards women.  (*Id.* at PageID.877-78).

The Court granted the motion in part, compelling production of emails by the non-parties, but limited to emails created between May 2014 and March 2018, during the term of Plaintiff's employment.  (ECF No. 59, PageID.2230-31).  The

Court ordered production of Baidas's fantasy football emails created during the same timeframe and ordered production of Baidas's wedding crasher emails created from the date of the wedding crasher incident through March 2018. (*Id.* at PageID.2232-33).

In the motion for reconsideration, Plaintiff argues it was error for the Court to rule that all emails created prior to Plaintiff's employment are irrelevant unless she was aware of past incidents of harassment during her employment. (ECF No. 68, PageID.2615). She now argues Baidas's fantasy football and wedding crasher emails created before her employment are relevant not to prove the sexual harassment claim, but (1) to support her expert's opinions that Baidas was not impartial in the investigation into Miller's conduct, (2) to show Baidas's discriminatory animus because they likely contain statements derogatory towards women, (3) to show Baidas allowed male employees to use offensive fantasy league team names and Baidas's discriminatory propensities, and (4) to attack Baidas's credibility at trial when he purports that he can't remember the wedding crasher incident. (*Id.* at PageID.2616-20). She argues the Court should compel production of non-party emails pre-dating Plaintiff's employment because they are relevant to show that General RV was aware of Miller's propensity to harass

women and to violate company harassment policies, yet General RV did not act to stop him.[1] (*Id.* at PageID.2621).

Plaintiff has not shown a "mistake" in the Court's Order. She argued the emails were necessary for the jury to consider "whether a hostile work environment exist[ed] and whether the employer allowed, encouraged, tolerated, condoned or enabled sexual harassment." (ECF No. 38, PageID.877). She largely raises new arguments for the relevance of emails predating her employment, and asserts again that they may show evidence of Baidas's bias. Not until this motion did Plaintiff argue emails predating her employment were relevant to bolster her expert report, for example. She did not establish that the Court made a mistake based on the record and law existing at the time of the decision. Her argument reads as an attempt to have another chance at different ruling, a purpose for which motions for reconsideration are not intended.[2] The motion is **DENIED**.

2. Motion at ECF No. 75

This motion relates to the Court's Order at ECF No. 67 denying in part Plaintiff's motion to compel at ECF No. 45. In the motion to compel, Plaintiff argued that work emails from Baidas, defendant Miller, and non-party Mr. Lilac

---

[1] The Court ordered production of the wedding crasher emails discussed in relation to this motion to compel created from the date of the incident through Plaintiff's employment. These emails should not be one of the subjects of the motion for reconsideration as Plaintiff obtained the relief she requested.

[2] A more proper method to raise a disagreement with a magistrate judge's Order is to file an objection, as explained in each Order this Court files.

7

containing keywords related to the wedding crasher event were relevant to show General RV tolerated sexual harassment in the workplace and to refute the company's and Baidas's claim that they did not know about Miller's harassing behavior. She specifically sought production of emails with keywords "wedding," "crashers," and "wedding crashers." (ECF No. 45, PageID.1260-62). She also sought production of emails from Baidas, Miller, and Lilac containing keywords "Mile High," "MileHigh," "Hustler," and "Gamma Entertainment." According to Plaintiff, these words were in an email Miller received at work containing pornography. She asserted other emails to Miller with these keywords would show how often Miller received pornography at work and such similar emails sent to Baidas and Lilac would show how widespread this conduct was at General RV. (*Id.* at PageID.1262-63). The two remaining issues were about employee benefits, salary information, and personnel files, which are not the subject of this motion.

The parties submitted a joint statement of unresolved issues on the motion to compel. These were: (1) whether General RV must produce compensation and benefits information, (2) whether it must produce "fantasy football" emails sent from or received by Baidas before May 2014, (3) whether it must produce emails sent from or received by Baidas and Miller before May 2014 with the wedding crasher and pornography keywords, and (4) whether it must produce emails from or sent to non-parties Green, Quillan, and Stufft before May 2014 containing the

keywords discussed in ECF No. 24. (ECF No. 61). Plaintiff addressed only these issues in her reply brief. (ECF No. 62).

In the Order Plaintiff now challenges, the Court first dismissed the second and fourth unresolved issues because they were the subject of the first motion to compel. The Court ordered those emails created between May 2014 and March 2018 be produced. Those issues were not raised again in the motion to compel at ECF No. 45. Because the Court already ruled on those issues and it was not properly raised in the new motion to compel, it did not revisit them in the Order. (ECF No. 67, PageID.2603). This motion for reconsideration is not a proper venue to raise her grievances about the emails addressed in a prior unrelated Order. Plaintiff did not identify a mistake in the Court's determination that this issue was not properly raised and therefore not considered. (ECF No. 75, PageID.2678-80).

The Court addressed the arguments raised specifically about the pornography emails and wedding crasher emails. Plaintiff argued those emails, created before 2014, were relevant to show Baidas participated in or condoned disparaging comments about women, to show Baidas's lack of impartiality during the investigation into the incident between Plaintiff and Miller, and to show Baidas allowed his male employees to use derogatory language about women. The Court denied the motion to compel emails created prior to her employment, finding them irrelevant because conduct that happens outside of Plaintiff's presence or of which

9

she did not know during her employment is irrelevant to whether there was a hostile work environment during her employment. (ECF No. 67, PageID.2606). As to Baidas's emails in particular, Plaintiff did not provide authority showing a manager's private emails, even if disparaging towards women, were relevant to Plaintiff's claim if she was unaware of the communications. (*Id.* at PageID.2608). And Plaintiff's suggestion that the earlier emails would be used to attack Baidas's credibility was couched in terms of the fantasy football emails, which were not addressed in this Order.

In her motion for reconsideration, Plaintiff insists these emails should have to be produced. She correctly notes that to prove employer liability, she must prove the employer tolerated or condoned the offending conduct or that it knew or should have known of the conduct and did not take prompt remedial action. (ECF No. 75, PageID.2674). The Court did not dispute this. The emails are relevant, but the Court limited the timeframe of emails to those created during Plaintiff's employment for reasons mentioned above. In the reconsideration motion, Plaintiff did not identify a "mistake" in that determination. (*Id.* at PageID.2676-77, 2682-83). Rather, she disagrees with the result and chose a motion for reconsideration to challenge the Order. As in the first motion for reconsideration, Plaintiff is attempting to get yet another chance for emails created before May 2014. For these reasons, the motion is **DENIED**.

C.   <u>Ex Parte Motion to File Exhibits in the Traditional Manner (ECF No. 103)</u>

Plaintiff moved to file exhibits to a response to a motion in limine, a motion for summary judgment, and to a reply brief in the traditional manner. (ECF No. 103). Four days later she filed an amended motion for leave to file these exhibits in the traditional manner. (ECF No. 108). Given the filing of the amended motion, the original motion at ECF No. 103 is **TERMINATED AS MOOT**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 20, 2022              s/Curtis Ivy, Jr.
                                 Curtis Ivy, Jr.
                                 United States Magistrate Judge