UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MORGAN PIANKO,<br>    Plaintiff, | Case No. 20-13371 |
| v. | Paul D. Borman<br>United States District Judge |
| GENERAL R.V. CENTERS, INC.,<br>*et al.*, | Curtis Ivy, Jr. |
|     Defendants.<br>_____/ | United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MILLER (ECF No. 87)**

**I.   BACKGROUND**

Plaintiff Morgan Pianko filed this employment discrimination case on December 23, 2020. (ECF No. 1). Plaintiff sues General R.V. and four General R.V. employees. She worked for General R.V. from May 2014 until March 19, 2018. She alleges defendant Miller sexually harassed and assaulted her during the early morning of March 4, 2018 in his hotel room during a work trip.

After completion of discovery, Plaintiff moved for default judgment against defendant Christopher Miller on the grounds that he made false statements under oath about his relationship with Plaintiff and other women at General R.V. (ECF No. 87). This motion was referred to the undersigned. (ECF No. 88). It is now

ready for report and recommendation. For the reasons below, the undersigned recommends that the motion for default judgment be **DENIED**.

## II. ANALYSIS AND RECOMMENDATIONS

Federal courts have the inherent authority to sanction bad-faith conduct, including conduct that is "tantamount to bad faith."[1] *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Bad faith relates to conduct that is intentional or reckless. *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872 (E.D. Mich. 2017) (citations omitted). A party acts in bad faith if it commits a fraud on the court by, for example, lying to the Court and adversaries about issues central to the case. *Id.* at 874; *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (federal courts have "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice."). "False testimony in a formal proceeding is intolerable. We must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings." *ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994). Judgment against a party that has committed a

---

[1] Plaintiff asks the Court to use its inherent power to sanction Miller. That said, she also relies on the four-factor analysis used to determine whether discovery sanctions are appropriate under Fed. R. Civ. P. 37. Since Plaintiff is not arguing that Miller abused the discovery process, the undersigned will analyze her motion under the Court's inherent power to sanction. Similarly, Miller relies on the Fed. R. Civ. P. 60 standard for fraud on the Court in his response. Plaintiff did not move the Court pursuant to Rule 60. Thus, the undersigned will not address Rule 60.

2

fraud on the Court may be an appropriate sanction. *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016).

The standard of proof required to show a fraud on the court is unsettled. In *Plastech*, the court concluded that the preponderance of the evidence standard should be applied when the case involves the court's inherent power to sanction. *Plastech*, 257 F. Supp. 3d at 873.

Regardless of the standard that applies, the Court concludes that Plaintiff has not established that Miller committed a fraud on the Court.

Plaintiff relies on the facts below to establish fraud on the Court.

On March 24, 2018, a police officer investigating the alleged sexual assault questioned Miller about the incident. According to the officer, Miller stated that Plaintiff had been to his room on two other times when they kissed and touched. (ECF No. 87-2, PageID.4530). On June 28, 2019, Miller testified during an Equal Employment Opportunity Commission interview that his relationship with Plaintiff before the March 4, 2018, incident was "nothing outside of a normal, you know, friendly relationship." (ECF No. 87-3, PageID.4548). During a deposition in a State court case, Miller testified that prior to March 4, 2018, he and Plaintiff had tried to have intercourse and that he and Plaintiff had been naked together sometime in 2017. (ECF No. 87-4, PageID.4588-89, 4593). In a deposition for this case, Miller testified to his recollection of the sexual encounter with Plaintiff

3

in 2017.  (ECF No. 87-5, PageID.4817-22).  In her deposition, Plaintiff denied having sexual contact with Miller before March 4, 2018.  (ECF No. 87-6, PageID.5050).

Plaintiff notes that this testimony evolves from Miller stating that he and Plaintiff had only a normal relationship, to attempting sexual relations once prior to the incident, to engaging in sexual acts on multiple occasions prior to the incident. According to Plaintiff, the inconsistencies in Miller's statements, and in contrast to her denial of any sexual contact prior to assault, amount to a fraud on the Court.

Plaintiff draws the same conclusion from the testimony about Miller's alleged sexual contact with other General R.V. employees.  In sworn testimony, Miller stated that he had sexual contact with one other General R.V. employee. Testimony from other witnesses is that he had sexual contact with four other women who worked for the company.  (ECF No. 87, PageID.4511-13).

To conclude Miller lied would be to hold that Plaintiff and the testifying witnesses are unquestionably telling the truth and Miller is not.  The court is not a position to do so with only competing testimony to rely on.  And the court does not make credibility determinations; that is the province of the jury.  Plaintiff has raised a question of fact on these issues, but she has not established by a preponderance of the evidence that Miller acted in bad faith and gave false testimony.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment (ECF No. 87) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 9, 2023.                          s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge