UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MORGAN PIANKO,<br>           Plaintiff,<br><br>v.<br><br>GENERAL R.V. CENTER, INC.;<br>LOREN BAIDAS; JOY FOWLER;<br>and CHRISTOPHER MILLER,<br>           Defendants.<br>_____/ | Case No. 20-cv-13371<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING PLAINTIFF MORGAN PIANKO'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF No. 144)**

Now before the Court is Pianko's Motion for Leave to File a Second Amended Complaint. (ECF No. 144.) The Court finds that the briefing adequately addresses the issues in contention and dispenses with a hearing pursuant to E.D. Mich. L. R. 7.1(f)(2).

**LAW**

Federal Rule of Civil Procedure 15(a)(2) provides that, after a plaintiff may no longer file an amended pleading "as a matter of course," she "may amend [her] pleading only with the opposing party's written consent or the court's leave." It adds, however, that "[t]he court should freely give leave when justice so requires."

"The decision as to whether justice requires [an] amendment is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th

1

Cir. 1986). "Several factors should" bear on this decision, including "'[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Wade v. Knoxville Utils. Bd.*, 295 F.3d 452, 458 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459. But a district court may not deny amendment unless it "find[s] 'at least some significant showing of prejudice.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore*, 790 F.2d at 562).

## ARGUMENTS

Pianko filed her Motion on June 20, 2023. (ECF No. 144.) In it, she explains that, "[a]t oral argument" on summary judgment motions, "General objected to this Court considering certain retaliation claims not specifically alleged in Plaintiff's complaint," and so she "seeks leave to" file an amended complaint that "ensure[s] these retaliation claims are included in [her] . . . retaliation claims against General." (ECF No. 144, PageID 7837.) Her proposed amended complaint adds more detailed factual allegations about her retaliation claims and adds a new allegation that "General never paid Morgan for her 2023 vacation days she was entitled to receive in accordance with General's Employee Handbook" and "never paid" her "for her

2

one personal day" either. (ECF No. 144-2, PageID 7855.) Pianko's proposed amended complaint also adds the following two paragraphs to her Title VII retaliation claim against General:

> 113. General retaliated against Morgan for reporting Miller's harassment and for complaining about General's discriminatory employment practices as described in this Complaint, including, without limitation by: (a) refusing to provide Morgan with additional (unpaid) time off from work; (b) never offering Morgan the option of using her vacation days or her personal day; and/or (c) never telling Morgan about, or offering Morgan, an accommodation whereby Morgan could intersperse no pay approved leave (unpaid time off) and (paid) vacation days to permit her more time off from work.
>
> 114. General retaliated against Morgan for reporting Miller's harassment and for complaining about General's discriminatory employment practices as described in this Complaint by: (a) informing Morgan she would be fired by General if she did not return to work by Monday March 19, 2018; (b) firing Morgan when she did not return to work on Monday March 19, 2018; (c) not paying Morgan for her unused 2018 vacation days she was entitled to receive in accordance with General's Employee Handbook; and (d) not paying Morgan for her unused 2018 personal day she was entitled to receive in accordance with General's Employee Handbook.

(ECF No. 144-2, PageID 7866–67.)

And it adds the following similar paragraphs to her ELCRA retaliation claim against General and Baidas:

> 117. General and Baidas retaliated against Morgan for having complained about General's discriminatory employment practices as described in this Complaint, in violation of the ELCRA, including, without limitation by: (a) refusing to provide Morgan with additional (unpaid) time off from work; (b) never offering Morgan the option of using her vacation days or her personal day; and/or (c) never telling Morgan about, or offering Morgan, an accommodation whereby

3

> Morgan could intersperse no pay approved leave (unpaid time off) and (paid) vacation days to permit her more time off from work.
>
> 118. General and Baidas retaliated against Morgan for reporting Miller's harassment and for complaining about General's discriminatory employment practices as described in this Complaint by: (a) informing Morgan she would be fired by General if she did not return to work by Monday March 19, 2018; (b) firing Morgan when she did not return to work on Monday March 19, 2018; (c) not paying Morgan for her unused 2018 vacation days she was entitled to receive in accordance with General's Employee Handbook; and (d) not paying Morgan for her unused 2018 personal day she was entitled to receive in accordance with General's Employee Handbook.

(ECF No. 144-2, PageID 7867–68.)

Pianko notes that her "proposed amended complaint comports with this Court's recent Opinion" on summary judgment by "remov[ing] (1) Chris Davis as a party defendant; (2) [her] Title VII sex harassment and retaliation claims against Defendants Baidas, Fowler and Miller; (3) [her] tortious interference and civil conspiracy claims against [] Miller; and (4) [her] tortious interference claim against [] Fowler." (ECF No. 144, PageID 7838.) She emphasizes that "[n]o new claims are added." (ECF No. 144, PageID 7838.)

Miller filed a response on July 3rd. (ECF No. 151.) He argues that justice does not require the Court to grant Pianko her requested leave because her proposed second amended complaint "is gratuitous" and by Pianko's own admission "does nothing." (ECF No. 151, PageID 7924) (citing *Krlich v. Taafe*, No. 17-cv-379, 2019 WL 1671014 (N.D. Ohio Apr. 17, 2019)). "One problem with allowing an

4

amendment at this juncture," Miller adds, "is that it brings this case back to *square one*." (ECF No. 151, PageID 7925) (citing *Walgreen Co. v. Hummer*, 10-cv-2902, 2012 WL 13033091 (N.D. Ohio May 3, 2012)).[1]

General, Baidas, and Fowler filed a response on July 5th. They note that Pianko "states the proposed complaint will not add any new claims or parties" and ask "why then would the amended complaint be necessary?" (ECF No. 152, PageID 7933.) They also argue that in their view the "proposed amended complaint *does* contain new and supported allegations of retaliation," specifically that General and Baidas "retaliated against [Pianko] by not paying her unused vacation time and not offering her the opportunity to use vacation time." (ECF No. 152, PageID 7933) (emphasis added). With this understanding, they state that,

> The proposed amended complaint would expand [Pianko's retaliation] theory to include [Pianko] allegedly being denied use of vacation time and not being paid for unused vacation time. These additional theories will require further discovery and possible dispositive motions. We are at the eve of settlement conference and trial and there is no reason given for this delay.

(ECF No. 152, PageID 7935) (citing *Wade*, 259 F.3d 452; *Duggins*, 195 F.3d 828; and *Moore*, 790 F.3d 557).

---

[1] Miller also argues that the Court should deny Pianko's Motion because she failed to seek his concurrence before filing it as required by Local Rule 7.1(a)(2)(A). Because the Court will deny Pianko's Motion on other grounds, it need not consider this argument further. But the Court reminds Pianko that she must comply with the local rules.

5

Pianko replied twelve days later.[2] She reiterates that her "proposed amended complaint deletes some claims, adds no new claims, and sets forth in greater detail the underlying facts supporting [her] retaliation claim." (ECF No. 153, PageID 7938.) She contends that "General had sufficient notice of the basis for [her] retaliation claims . . . since 2021" and the retaliation "issue was explored in depth during discovery." (ECF No. 153, PageID 7940) (citing *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) and *Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 814–16 (E.D. Mich. 2016)). She asserts that General[3] would not "suffer undue prejudice" from her amending her complaint because its "decision to not allow [her] to use her personal or vacation days is not a new issue" and "General [] has not identified any additional discovery that it would need to conduct to defend itself against this retaliation allegation." (ECF No. 153, PageID 7942) (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1030 (6th Cir. 1992); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973); *Daniel v. Heartland Emp. Servs., LLC*, No. 16-cv-11232, 2016 WL 7367423 (E.D. Mich. Dec. 20, 2016)). And

---

[2] The Court notes that under Local Rule 7.1 "a reply brief supporting [a] motion [subject to the standard briefing schedule] must be filed within 7 days after service of the response." E.D. Mich. L.R. 7.1(e)(1)(B). The Court need not consider striking the reply, because its contents do not change the Court's decision. But again, the Court reminds Pianko that she must comply with the local rules.

[3] Pianko's Reply does not mention Baidas, even though he joined in the Response and Pianko brings her ELCRA retaliation claim against him (in addition to General).

she asserts that Miller would not suffer any prejudice either, "because [her] proposed amended complaint: (1) adds no new claims against Miller; and (2) removes Title VII and ELCRA retaliation claims against [him] in accordance with this Court's prior orders and [her] stipulations." (ECF No. 153, PageID 7942.)

## DISCUSSION

The Court **DENIES** Pianko's Motion. To begin with, to the extent that the Motion seeks to amend the complaint merely to eliminate the claims that have already been dismissed and to "set[] forth in greater detail the underlying facts supporting" those retaliation claims that the Court has already cleared for trial, it has no impact on this case and is therefore moot. *See* MOOT, Black's Law Dictionary (11th ed. 2019) ("Having no practical significance; hypothetical or academic . . . ."). Further, justice would not require the Court to allow these amendments, because they provide no benefit to Pianko and prejudice Defendants by delaying this case and forcing Defendants to evaluate and contend with a new operative pleading. *Cf. Duggins*, 195 F.3d at 834 ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.").

That said, the Court agrees with General, Baidas, and Fowler that the proposed amended complaint *does* appear to add, if not new claims, at least new theories of relief. Specifically, the proposed amended complaint adds the factual allegation that

7

General never paid Pianko for unused vacation days—which does not appear in and is not alluded to in the first amended complaint—and the corresponding legal allegation that this was a form of retaliation. The proposed amended complaint also adds the explicit allegation that General and Baidas retaliated against Pianko by firing her. Even if Pianko preserved this latter allegation in her first amended complaint, she disclaimed it in her interrogatories and summary judgment briefing. *See* ECF No. 96-11, PageID 5999–6003 (reflecting that Pianko responded to Defendants' interrogatory by stating that Defendants retaliated against her by sending a "certified letter" that contained the ultimatum about returning to work (rather than by firing her)); ECF No. 123, PageID 7163–66 (reflecting that Pianko responded to Defendants' motion for summary judgment on her retaliation claims by identifying "Baidas's decision ordering Plaintiff back to work or she would be fired and General['s] failing to inform [Pianko] of her leave options" as the "'materially adverse actions'" at issue); *see also* ECF No. 143, PageID 7811–15 ("[T]he materially adverse action here is *not* General's firing Pianko; it is General's issuing the ultimatum that preceded the firing.").[4]

---

[4] To be clear, the Court does *not* agree with General, Baidas and Fowler that Pianko's proposed amended complaint adds a new or unpreserved allegation that General and Baidas retaliated against Pianko by "not offering her the opportunity to use her vacation time." That theory falls within the category of "retaliation claims that the Court has already cleared for trial" referred to in the previous paragraph. *See* ECF No. 143, PageID 7810–18; ECF No. 149.

Justice does not require the Court to allow Pianko to make these additions. Allowing Pianko to introduce (or re-introduce) theories of relief that she did not present on summary judgment would significantly prejudice Defendants by unfairly gifting Pianko a second chance to frame her retaliation claims (after reviewing the Court's summary judgment opinion) and depriving Defendants of an opportunity to move for summary judgment on her new framing. There is no good reason why Pianko could not have brought her new factual and legal allegations forward before the Court ruled on summary judgment.

Further, by adding new complications to the case, the amendment would delay trial. And in the end, the amendments would likely be futile anyway: General's Employee Handbook explains that "if an employees takes" vacation days "before . . . her anniversary date, and leaves General [before that date], the unearned vacation time will be taken from the last paycheck," *see* ECF No. 149 (quoting General's Employee Handbook[5] and explaining the distinction between the right to *take* vacation and the right to *be paid for* that vacation regardless of termination date); and the facts show that General and Baidas *fired* Pianko because she did not comply

---

[5] The Court did note in this prior Order that the Handbook is inconsistent on when an employee *earns* vacation time. While Pianko could make a weak argument that she was entitled to be paid for unused vacation time despite leaving General before her anniversary, the Court need not delve into this issue further, because the Court is merely asserting that Pianko's new theories are *likely* futile and that this is one of many reasons for the Court to deny Pianko's motion to amend.

9

with their ultimatum, not because she complained about harassment,[6] *see generally* ECF No. 139, PageID 7718–29.

Finally, both Pianko and Miller ask the Court to award them attorneys' fees and costs for their briefing on this issue. The Court **DENIES** these requests. "The so-called 'American Rule' governing the award of attorneys' fees in litigation in the federal courts is that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Paige Int'l, Inc. v. XL Specialty Ins. Co.*, 267 F. Supp. 3d 205, 211–12 (D.D.C. 2017) (internal quotation marks omitted). "When fees are requested, the applicant bears the burden of establishing entitlement to an award." *Id.* at 212 (internal quotation marks omitted). Neither Pianko nor Miller has met that burden. Indeed, neither of them has even attempted to explain her or his request nor cited any authority to support it.

## CONCLUSION

The Court, in the exercise of its discretion, **DENIES** Pianko's Motion for Leave to File a Second Amended Complaint (ECF No. 144).

**IT IS SO ORDERED.**

s/Paul D. Borman<br>
Paul D. Borman<br>
United States District Judge

Dated: July 21, 2023

---

[6] On the other hand, the facts create a genuine question as to whether General and Baidas *issued the ultimatum* in retaliation to Pianko lodging her complaint.