UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,

       Plaintiff,

v.

GENERAL R.V. CENTER, INC.,
LOREN BAIDAS, CHRIS DAVIS,
CHRISTOPHER MILLER, and
JOY FOWLER,

       Defendants.
_____/

Case No. 20-cv-13371
Honorable Linda V. Parker

### OPINION AND ORDER CONDITIONALLY GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE SALARY AND FRINGE BENEFITS OF SALES EMPLOYEES

    This matter is ready for trial with respect to Plaintiff's remaining claims against Defendants General R.V. Center, Inc., Loren Baidas, and/or Joy Fowler (collectively "Defendants") alleging sex harassment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act, tortious interference with a business relationship, and civil conspiracy. Defendants have filed a motion in limine pursuant to Federal Rules of Evidence 401 and 403, seeking to preclude Plaintiff from introducing evidence regarding the salary and fringe benefits of General R.V. Center, Inc.'s sales employees. (ECF No. 84.) Plaintiff responded to the motion. (ECF No. 120).

Defendants maintain that evidence concerning the salary and fringe benefits of sales employees is irrelevant in this case because Plaintiff was not a sales employee, but a biller assigned to the office at General R.V.'s Wixom location. To the extent Plaintiff believes the evidence is relevant to any award of back- or front-pay, Defendants argue that such damages must be based upon the salary and fringe benefits earned in the position Plaintiff held—a biller/office assistant. In response, Plaintiff argues that she performed the job duties of a General R.V. salesperson, had the requisite qualifications to hold the position, and was under consideration prior to her termination to become a full-time salesperson.

## Applicable Law

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Prior to the commencement of trial, courts in this District note that motions in limine serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). District courts have "broad discretion" over matters involving the admissibility of evidence at trial. *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations and citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As an initial step, when analyzing admissibility, a court must consider whether the evidence is relevant. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit emphasizes that the threshold for determining the relevancy of evidence is low. *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401

3

(6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

In contrast, irrelevant evidence is not admissible. Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d 507, 514-15 (6th Cir. 1998) (Evidence is inadmissible "if there is a danger of unfair prejudice, not mere prejudice.") (emphasis in original). "District courts enjoy 'broad discretion' in making the prejudice determination." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)).

The salary and benefit evidence which Defendants seek to exclude would be relevant, if at all, with respect to Plaintiff's claim for front- and back-pay.

## Discussion

"Front pay is 'money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement.'" *Szeinbach v.*

4

*Ohio State Univ.*, 820 F.3d 814, 820 (6th Cir. 2016) (quoting *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001)). "Back pay, in contrast, is money awarded for lost compensation during the period between the date of the plaintiff's injury (i.e., the date on which the discriminatory course of conduct began) and the date on which damages are determined." *Id*. (citing *Howe v. City of Akron*, 801 F.3d 718, 745 (6th Cir. 2015)).

"[B]ack pay is calculated by comparing (1) the amount the plaintiff actually earned while being subjected to the employer's discrimination, and (2) the amount that the plaintiff would have earned in the absence of any discrimination." *Id*. at 821 (citing *Howe*, 801 F.3d at 746). "The purpose of back pay 'is to make whole the victim of an unlawful employment practice by restoring the employee to the position he or she would have been in absent the discrimination.'" *Id.* (quoting *Howe*, 801 F.3d at 744). It "is a comprehensive remedy" in that "[i]t should 'completely redress the economic injury the plaintiff has suffered' by encompassing the salary and any raises that the plaintiff would have received, 'as well as sick leave, vacation pay, pension benefits[,] and other fringe benefits [the plaintiff] would have received but for the discrimination.'" *Id*. (quoting *Howe*, 801 F.3d at 744).

A plaintiff "must prove [his or] her entitlement to back pay and establish the appropriate amount with reasonable certainty." *Id*. at 821, 824 (citing *McMahon v.*

5

*Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1079 (6th Cir. 1989)). "The plaintiff cannot rest [his or] her entitlement to back pay on 'mere speculation' about what [he or] she would have earned in the absence of discrimination." *Id*. at 824 (quoting *Hance v. Norfolk S. Ry. Co.*, 571 F.3d 511, 520 (6th Cir. 2009)); *see also Christopher v. Stouder Mem'l Hosp.*, 936 F.2d 870, 880 (6th Cir. 1991) ("While back pay in a Title VII case need not be proven with the exactitude of lost profits in a breach of contract case, neither can such an award be appropriately founded on mere speculation."). In *Szeinbach*, the Sixth Circuit concluded that the plaintiff failed to prove her entitlement to back pay based on what she would have earned with a third-party employer because she failed to show that she "had any legitimate basis to believe that she would likely be employed by [the third party-employers]." 820 F.3d at 826. The court relied primarily on the fact that the third-party employers' hiring decisions were discretionary. *Id*. The court found this conclusion supported by its previous decision in *Oakley v. City of Memphis*, 566 F. App'x 425 (2014).

In *Oakley*, the plaintiffs were police officers who maintained that part of their remedy for discrimination was their entitlement to promotions within the police department. 566 F. App'x at 431. The district court and Sixth Circuit rejected the plaintiffs' argument, finding it "based on underlying assumptions that were too remote and speculative to merit judicial relief." *Id*. As the Sixth Circuit

6

pointed out, promotions were based on appointment by the Chief, "and there [wa]s simply no guarantee that the Chief, who wield[ed] largely unfettered discretion in making such appointments, would have promoted any particular individual." *Id*.

The *Szeinbach* court found the case before it distinguishable from *Nassar v. University of Texas Southwestern Medical Center*, 674 F.3d 448 (5th Cir. 2012), *vacated on other grounds* 570 U.S. 338 (2013). As the Sixth Circuit explained in *Szeinbach*, the plaintiff in *Nassar* had received a formal offer of employment with a fixed start date and a defined salary from a third-party employer. 820 F.3d at 826 (citing *Nassar*, 674 F.3d at 451). Based on the record before this Court, the present case also is distinguishable from *Nassar* and more like *Szeinbach* and *Oakley*.

Plaintiff acknowledges that she worked as a biller or office assistant for General R.V., and she does not claim that she had been promoted to a sales position before the relevant events occurred. (*See* ECF No. 45-14 at PageID. 1874.) While she may have sold two recreational vehicles, she expressly attests that she did so "while employed as a biller[.]" (*Id.* ¶ 7.) Plaintiff may have "learned a lot about . . . what was needed to become a General RV sales person" (*id.* ¶ 4), possessed "all of the required qualifications to become a General RV sales person" (*id.* ¶ 6), expressed to other salespeople and managers that she "wanted to become a full time General RV sales person" (*id.* ¶ 8), and met with Christopher Miller about becoming a full-time salesperson (*id.* ¶ 9). However, she

7

never claims that she had been promised or guaranteed a sales position, or that she had been promoted to that position.

Absent additional evidence, the record does not reflect that Plaintiff had a legitimate basis to believe that she would have become a salesperson but for the alleged discriminatory conduct. Evidence concerning the salary and fringe benefits of General R.V. salespersons, therefore, is not relevant and is likely to confuse and mislead the jury. For those reasons, the Court is **GRANTING** Defendants' motion in limine. The Court is doing so conditionally, however. If Plaintiff presents evidence at trial showing some firm promise regarding her promotion or that her promotion was automatic as opposed to discretionary, she may move the Court to reconsider its ruling before she rests her case.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 23, 2024