UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,

      Plaintiff,

v.

GENERAL R.V. CENTER, INC.,
LOREN BAIDAS, CHRIS DAVIS,
CHRISTOPHER MILLER, and
JOY FOWLER,

      Defendants.
_____/

Case No. 20-cv-13371
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY AND REPORT OF JULIE MOORE

On April 10, 2024, Defendants filed a motion to strike the testimony and report of Plaintiff's expert witness, Julie Moore. (ECF No. 171.) Plaintiff responded with a motion to strike and for sanctions, arguing that Defendants' motion was filed without leave of court and long after the deadline for expert-related motions in the Scheduling Order. (ECF No. 173.) Because that is correct, and Defendants fail to demonstrate "good cause" for their lengthy delay in seeking to preclude Ms. Moore's testimony and report, the Court is granting Plaintiff's motion. The Court, however, declines to impose sanctions for Defendants' untimely filing.

## Background

On June 7, 2021, the Honorable Paul D. Borman, to whom this case was then assigned, entered a Scheduling Order. (ECF No. 13.) The Scheduling Order, among other things, required expert disclosures by January 31, 2022, set an expert discovery deadline of March 31, 2022, and required motions challenging experts by May 31, 2022. (*Id.*) The Scheduling Order further states that "[c]hallenges to expert witnesses under [Federal Rule of Evidence] 702, 703, or 705 are due no later than the summary judgment deadline." (*Id.* at PageID. 581.)

On January 31, 2022, Plaintiff filed its witness list which named Ms. Moore and identified her as an expert witness. (ECF No. 22.) On the same date, Plaintiff provided Defendants with her expert disclosures (ECF No. 173-4) and Ms. Moore's curriculum vitae ("cv"). On April 15, 2022, Plaintiff sent Ms. Moore's expert report to Defendants. (ECF No. 173-5.)

According to Defendants, the parties agreed at some point to delay discovery depositions of the experts until after the close of discovery and attempts at settlement were exhausted. (*See* ECF No. 174 at PageID. 8446.) No extension of the Scheduling Order was sought to reflect this agreement, however. Thereafter, dispositive motions were filed and decided, and settlement negotiations were attempted but failed between Plaintiff and all Defendants except Christopher

2

Miller. On January 29, 2024, with the matter proceeding to trial, Judge Borman recused himself and the case was reassigned to the undersigned. (ECF No. 164.)

Thereafter, on February 8, this Court held a status conference with the parties' counsel. During the conference, the matter of Ms. Moore's outstanding deposition was raised, and the Court ordered that the deposition take place within 30 days. Defendants indicate that their counsel raised or mentioned the filing of *Daubert* motions during this conference; however, no request was made or granted then or afterward to extend the deadlines for such motions.

Following the status conference, the Court entered its Phase II Scheduling Order, setting a final pretrial conference for June 4, 2024, and a trial date of July 10, 2024. (ECF No. 168.) Ms. Moore's deposition was conducted on March 26, 2024 and Defendants filed their motion to strike her expert testimony and report on April 10. (ECF No. 171.)

## Applicable Law and Analysis

Defendants did not seek this Court's permission or move for an extension of the Scheduling Order deadline for expert-related motions before filing their motion to exclude Ms. Moore's report and testimony. For this reason alone, their motion should be stricken. Had Defendants sought leave or filed a motion, their request would be governed by the "good cause" standard in Federal Rule of Civil Procedure 16(b)(4).

3

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* Defendants failed to exercise diligence in seeking to strike Ms. Moore's testimony and report and granting their request on the eve of trial will cause significant prejudice to Plaintiff.

The attacks in Defendants' motion are focused solely on Ms. Moore's report and qualifications. Yet, Defendants received Ms. Moore's cv and report two years ago. There is not a single citation to Ms. Moore's deposition in Defendants' motion to strike, nor do Defendants attach the deposition transcript to their motion. Thus, the fact that Ms. Moore's deposition was only recently conducted does not establish good cause for their delay in filing the motion.

Expert depositions are not necessary and, in fact, Sixth Circuit case law suggests that one of the reasons for requiring a complete expert report is to avoid the costs of such depositions. *See R.C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (internal quotation marks and citation omitted). And, the fact that the parties agreed to delay expert depositions does not reflect an agreement to extend expert-related motions. A delay of the deadline to take depositions does not impact or involve the court, whereas an extension of motion

deadlines does and therefore requires court approval.  Notably, when the parties agreed to the extension of other dates in Judge Borman's Scheduling Order, they sought the Court's permission.  (*See, e.g.*, ECF Nos. 57, 85, 160.)  Striking the testimony and report of Plaintiff's expert this late in the game undoubtedly would cause prejudice to Plaintiff.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to strike (ECF No. 173) is **GRANTED** and Defendants' motion to exclude Ms. Moore's report and testimony (ECF No. 171) is **STRICKEN**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 13, 2024