UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,

    Plaintiff,

v.

GENERAL R.V. CENTER, INC.,
LOREN BAIDAS, CHRIS DAVIS,
CHRISTOPHER MILLER, and
JOY FOWLER,

    Defendants.
_____/

Case No. 20-cv-13371
Honorable Linda V. Parker

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND/CORRECT WITNESS LIST TO ADD PLAINTIFF'S NEW TREATING THERAPIST

This matter, which currently is scheduled for trial on July 10, 2024, is before the Court on Plaintiff's motion to amend her witness list to add her current treating therapist, Sabrina Mitchell, LMSW. (ECF No. 167.) The motion has been fully briefed. (ECF Nos. 169, 170.)

## Background

Plaintiff claims that as a result of the incidents at issue in this lawsuit, she sought psychological counseling. Plaintiff first began treatment with Diane Lothrop, M.S., L.L.P. in 2018. According to Plaintiff, in late 2023, Ms. Lothrop announced that she would be retiring in August 2024. Therefore, Plaintiff began treatment with Ms. Mitchell.

On June 7, 2021, the Honorable Paul D. Borman, to whom this case was previously assigned, entered a Scheduling Order which *inter alia* set a January 31, 2022 deadline for the parties' witness lists and Plaintiff's expert disclosures. (ECF No. 13.) On the deadline, Plaintiff filed her witness list identifying Ms. Lothrop as an expert witness. (ECF No. 22.) Plaintiff filed an amended witness list on December 26, 2023, identifying Ms. Mitchell as a lay and expert witness. (ECF No. 159.) On January 1, 2024, Plaintiff provided Defendants with Ms. Mitchell's treatment notes and supplemental discovery responses which identified Ms. Mitchell as Plaintiff's new therapist.

Ms. Mitchell's treatment notes include a "Psychotherapy Intake Note" dated March 3, 2023. (ECF No. 169-2 at PageID. 8022.) In that note, Ms. Mitchell wrote that Plaintiff had been seeing another therapist for six months "but does not feel connected and is looking for a new therapist." (*Id.* at PageID. 8023.) On that date, Ms. Mitchell diagnosed Plaintiff as suffering from Post Traumatic Stress Disorder ("PTSD"). (*Id.* at PageID. 8024.)

The parties do not provide the Court with any other treatment notes from Ms. Mitchell to assess when Plaintiff regularly began treating with her. Plaintiff asserts in her initial and reply briefs, however, that she began treatment with Ms. Mitchell only after Ms. Lothrop announced her impending retirement sometime in August 2024. (ECF No. 170 at PageID. 8026-27.) Plaintiff also indicates in her

2

reply brief that Ms. Lothrop's treatment notes describe many symptoms associated with PTSD. (*Id.* at PageID. 8027 n.1.)

In a January 3, 2024 email, counsel for Defendants objected to Plaintiff's addition of Ms. Mitchell to her witness list without the filing of a motion. (*See* ECF No. 169-3.) Defense counsel indicated that Defendants would be filing objections to the addition by the end of the week unless Plaintiff agreed to several conditions. (*Id.*) It is not evident from the record whether Plaintiff agreed to those conditions, but Defendants did not thereafter file objections to Plaintiff's amended witness list. On March 8, Plaintiff moved to amend or correct her witness list to add Ms. Mitchell.

## Applicable Law & Analysis

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26 prescribes the required disclosures for such expert witnesses, which vary depending on whether the individual is a treating provider or is retained or specially employed to provide expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(B), (C). When the court schedules a deadline for expert disclosures, they must be made by that deadline. Fed. R. Civ. P. 26(a)(2)(D). Deadlines may be modified but "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

3

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* This Court finds good cause to allow Plaintiff to add Ms. Mitchell as a witness.

While Plaintiff met with Ms. Mitchell on March 3, 2023, it is not evident to the Court that Plaintiff in fact began treating with her at that time. The notes from the encounter suggest that Plaintiff was looking for an alternative therapist to Ms. Lothrop; however, the record does not show that Plaintiff in fact began immediate or continued treatment with Ms. Mitchell earlier than Plaintiff claims. As indicated above, the parties do not provide treatment notes from Ms. Mitchell for any other dates, and Plaintiff asserts that it was not until Ms. Lothrop retired in late August that she began treating with Ms. Mitchell.

Plaintiff did not file an amended witness list and supplement her Rule 26 disclosures to reflect the addition of Ms. Mitchell until a few months later. Nevertheless, this was still about two months before the previously scheduled final pretrial conference (*see* ECF No. 158) and no trial date had yet been set. And with Judge Borman's recusal, the addition as it turns out was made well before the final pretrial conference and trial. Defendants also have had the opportunity to depose

Ms. Mitchell sufficiently in advance of trial. Defendants' general assertion of prejudice due to Ms. Mitchell's late addition therefore is not persuasive.

The only specific argument Defendants assert with respect to prejudice relates to Ms. Mitchell's PTSD diagnosis for Plaintiff—which Defendants indicate is a "new" psychiatric diagnosis. Yet, Defendants received Ms. Mitchell's treatment notes which include this diagnosis months ago and well before her deposition and trial. Moreover, Plaintiff asserts that Ms. Lothrop's treatment notes also describe many symptoms associated with PTSD, and Ms. Lothrop will likely testify at trial that Plaintiff suffered from these symptoms. Plaintiff argues that if Defendants had deposed Ms. Lothrop earlier, as they were entitled to, they would have learned this. They elected not to.

Finally, any claimed prejudice is further undermined by the fact that Defendants did not move to strike Ms. Mitchell as a witness when they first learned of her addition to the witness list. In fact, although the Federal Rules of Civil Procedure provide Defendants with a mechanism to do so, *see* Fed. R. Civ. P. 37(c), they have not moved to preclude Ms. Mitchell from testifying.

For these reasons, the Court **GRANTS** Plaintiff's motion to add Ms.

Mitchell as a trial witness.

**SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: May 23, 2024