UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,

    Plaintiff,

v.

GENERAL R.V. CENTER, INC.,
LOREN BAIDAS, CHRIS DAVIS,
CHRISTOPHER MILLER, and
JOY FOWLER,

    Defendants.
_____/

Case No. 20-cv-13371
Honorable Linda V. Parker

**<u>OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION IN LIMINE (ECF NO. 177), DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE (ECF NO. 179), AND DENYING PLAINTIFF'S MOTION IN LIMINE TO ADMIT EEOC DETERMINATION (ECF NO. 180)</u>**

      This matter, currently scheduled for a final pretrial conference on June 12 and trial on July 10, is before the Court on several motions. The first is Defendants' motion for leave to file a motion in limine to exclude evidence from Plaintiff's expert, Julie Moore. (ECF No. 177.) The second is Plaintiff's motion to strike that motion. (ECF No. 179.) The last is Plaintiff's motion to allow evidence of the investigatory determination of the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 180.)

**Defendant's Motion for Leave and Plaintiff's Motion to Strike**

The deadline in this matter for filing motions challenging experts expired on May 31, 2022. (ECF No. 13.) Almost two years after that deadline passed, Defendants filed a motion to exclude Moore's testimony and report. (*See* ECF No. 171.) Plaintiff moved to strike the motion because it was filed beyond the applicable deadline and without leave of Court. (ECF No. 173.) The Court agreed with Plaintiff, and found that Defendants failed to show good cause for failing to meet the deadline. (ECF No. 176.) The Court, therefore, granted Plaintiff's motion to strike and struck Defendants' motion on May 13, 2024. (*Id.*) In response, Defendants try to cure their defect by now moving for leave to file the motion. (ECF No. 177.)

In their now-pending motion, Defendants argue that "[g]ood cause exists to grant the . . . motion because *they are not merely seeking to exclude the testimony and report of Julie Moore; they are seeking to strike any expert who purports to testify as to the adequacy of Defendants' corrective measures as an improper intrusion into the jury's domain*." (*Id.* at PageID. 8462, ¶ 7 (emphasis in original).) Defendants also assert that they "did not willfully fail to comply with th[e] . . . scheduling order . . . .." (*Id.* at PageID. 8463, ¶ 12.) But willfulness is not the standard for modifying a scheduling order, "good cause" for the extension is. *See* Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b). The Court already found

2

a lack of good cause, and Defendants now asserted argument for finding good cause does not support a different conclusion. The argument does not even offer a justification for Defendants' delay.

For these reasons, the Court is denying Defendants' motion for leave to file its expert-related motion and is denying as moot Plaintiff's motion to strike.

### Plaintiff's Motion in Limine

The deadline for filing motions in limine in this matter was January 8, 2024. (ECF No. 158.) The parties attempted to modify this deadline (ECF No. 160), but the Honorable Paul D. Borman (to whom this case was previously assigned) rejected their attempt (ECF No. 161). It is surprising to the Court that Plaintiff filed its pending motion in limine almost six months after the deadline without first seeking leave, given Plaintiff's recent objections to Defendants' late-filed motions. Plaintiff's tardiness, the lack of good cause for the filing, and Judge Borman's previous ruling on this very issue, lead the Court to deny Plaintiff's motion.

Defendants previously moved to exclude the EEOC's determination from evidence. (*See* ECF No. 83.) In responding to the motion, Plaintiffs cited the same cases she now cites in support of the determination's admissibility. (*See* ECF No. 119.) Plaintiff also stated that "[a]t a minimum, the EEOC's probable cause determination should be admitted with a limiting instruction." (*Id*. at PageID. 6567.) Judge Borman granted Defendants' motion and excluded the material under

3

Federal Rule of Evidence 403.  (ECF No. 139 at PageID. 7752.)  Judge Borman explained his reasons for reaching this conclusion, with which this Court agrees and adopts here.  (*Id*. at PageID. 7752-7753.)

Plaintiff's motion is, therefore, denied.

## Conclusion

In summary, the Court **DENIES** Defendants' motion for leave to file a motion in limine regarding Plaintiff's expert evidence (ECF No. 177) and, therefore, **DENIES AS MOOT** Plaintiff's motion to strike (ECF No. 179).  The Court also **DENIES** Plaintiff's motion in limine regarding the EEOC's determination.  (ECF No. 180.)

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 6, 2024