UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN PIANKO,

    Plaintiff,

v.

GENERAL R.V. CENTER, INC.,
LOREN BAIDAS, CHRISTOPHER
DAVIS, JOY FOWLER, and
CHRISTOPHER MILLER,

    Defendants.
_____/

Case No. 20-cv-13371
Honorable Linda V. Parker

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Following the settlement of Plaintiff's claims in this matter against Defendants General R.V. Center, Inc., Loren Baidas, and Joy Fowler (hereafter "Defendants"), and in accordance with the settlement agreement, Plaintiff filed a motion for attorney's fees and costs.[1] (ECF No. 183.) In the motion, Plaintiff sought fees totaling $1,487,136.00, costs of $65,410.00, and prejudgment interest on both. In a decision issued on February 19, 2025, the Court granted in part and denied in part Plaintiff's motion, awarding her attorney's fees of $275,580.00 and

---

[1] The Honorable Paul D. Borman, while assigned the matter, had granted summary judgment to Defendant Christopher Davis. (*See* ECF No. 139.) Plaintiff thereafter entered into a separate settlement with Defendant Christopher Miller. (ECF No. 163.)

costs of $17,465.50.  (ECF No. 189.)  The Court also concluded that Plaintiff is entitled to prejudgment interest on the cost, but not the fee, award.  (*Id.*)

The matter is now before the Court on Plaintiff's motion for reconsideration. (ECF No. 191.)  Plaintiff indicates that she is moving pursuant to Eastern District of Michigan Local Rule 7.1(h).  Defendant opposes the motion.  (ECF No. 193.) For the reasons set forth below, the motion is denied.

## STANDARD OF REVIEW

On December 1, 2021, the Eastern District of Michigan amended Local Rule 7.1(h), which lays out the procedures and standards for motions for reconsideration.  E.D. Mich. LR 7.1(h).  The standard for a motion to reconsider a final order is now different than the standard for a motion to reconsider a non-final order.  *Id*.  Reconsideration of final orders must be sought under Federal Rules of Civil Procedure 59(e) or 60(b).  *Id.*  This Court's decision on Plaintiff's motion for attorney's fees and costs was a final order.  *See United States v. Hess*, 982 F.2d 181, 184 (6th Cir.1992) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)) ("A final order is usually defined as 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'").

Motions to alter or amend an order or judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp.,*

*Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Mistakes of law, which are what Plaintiff claims in her pending motion, fall within subsection (1).  *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 294 (6th Cir. 1989)).  "[The Sixth] Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) (quoting *Hopper*, 867 F.2d at 294).

## ARGUMENTS & ANALYSIS

### Expert Fees

Plaintiff sought an award reimbursing her for $47,395 in costs associated with her expert, Julie Moore.  The Court declined to include those costs in its award because it was Plaintiff's burden to demonstrate the reasonableness of her expert's fees, and she presented "nothing" that would allow the Court "to evaluate the reasonableness of [Ms. Moore]'s fees."  (ECF No. 189 at PageID.9491-92.)  Plaintiff submitted "no documentation, much less a description, of the work performed or the hours expended."  (*Id*. at PageID.9491.)  "Without adequate documentation," the Court explained, "there is no basis for [it] to decide whether any of these costs were reasonably expended or necessary to the litigation."  (*Id*. at PageID.9492.)  The Court also noted that Plaintiff had not offered Ms. Moore's

4

expert opinions in response to Defendants' summary judgment motion or any other dispositive motion. (*Id.*)

In her motion for reconsideration, Plaintiff challenges this last observation, indicating that she in fact offered Ms. Moore's opinions in response to Defendants' summary judgment motion. But while Plaintiff may have done so—albeit in a single footnote (ECF No. 123 at PageID.7174 n.11)—these opinions were not relied upon in the summary judgment decision. In any event, the fundamental reason this Court did not include these costs in the award was because there was no basis to decide their reasonableness. Plaintiff fails to address this explanation in her pending motion.

As set forth in the Court's previous decision, caselaw supports a reduction and even exclusion of requested expert costs where the movant's documentation is inadequate to analyze the reasonableness of the expert's fees. (*Id.* at PageID.9491 (collecting cases).) Therefore, Plaintiff fails to demonstrate a legal error with respect to this portion of the decision.

## Prejudgment Interest

Plaintiff next takes issue with the Court's decision to not award prejudgment interest on the fee award.[2] But while Plaintiff reasserts the same arguments she raised before for why prejudgment interest on the fee award should be allowed, she

---

[2] As indicated, the Court did award prejudgment interest on the costs awarded.

fails to show that the Court's exercise of its discretion in denying prejudgment interest constituted a legal error. The Sixth Circuit has "long recognized that the district court *may* award prejudgment interest at its discretion in accordance with general equitable principles." *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 985 (6th Cir. 2000) (quoting *Ford v. Uniroyal*, 154 F.3d 613, 616 (6th Cir. 1998)) (emphasis added).

The cases cited by Plaintiff do not establish that such an award is mandatory. (*See* ECF No. 191-1 at PageID.9506.) These decisions may reflect that it "is usually appropriate" to award prejudgment interest on the amount awarded to the plaintiff as damages. *Glowacki v. O'Reilly Auto Enters., LLC*, No. 21-cv-868, 2023 WL 8642549, at *12 (W.D. Mich. Dec. 14, 2023) (quoting *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170 (6th Cir. 1996)). They do not reflect, however, that a court, applying federal law, *must* award prejudgment interest on an attorney fee award.

Plaintiff claims that an award of prejudgment interest is mandatory with respect to her state-law claims, citing Michigan Compiled Laws § 500.6013(1) and (6) and *Schellenberg v. Rochester Elks Club*, 577 N.W.2d 163 (Mich. Ct. App. 1998). However, as discussed in the Court's February 19 decision, "in an action based on federal question jurisdiction," rather than diversity jurisdiction, as this lawsuit is, "the award of prejudgment interest is committed to the sound discretion

6

of the trial court." *McPherson v. Suburban Ann Arbor, LLC*, 719 F. Supp. 3d 759, 766 (E.D. Mich. 2024) (quoting *Young v. Langley*, No. 87-1446, 1988 WL 12805, at *1 (6th Cir. Feb. 19, 1988)); *see also JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 583 (6th Cir. 2014) (citations omitted).

For these reasons, Plaintiff fails to show that this Court erred in denying an award of prejudgment interest on the fee award.

## Counsel's Hourly Rate

Plaintiff calculated her requested attorney fee award using an hourly rate of $600-675. According to the 2023 publication of the State Bar of Michigan's Economics of Law Practice Attorney Income and Billing Rate Summary Report ("Michigan Bar Survey Data"), this rate was within the 95th percentile for lawyers like her counsel: plaintiff employment lawyers, lawyers with more than 35 years' experience, or lawyers with offices in Oakland County, Michigan.  However, district courts usually use the relevant *average* billing rates, rather than a higher percentile, when calculating statutory awards of attorney's fees—a practice the Sixth Circuit has approved—because fee-shifting statutes "only guarantee prevailing parties competent counsel, not the best and/or most expensive counsel. (*See* ECF No. 189 at PageID.9472 (quoting *Gratz v. Bollinger*, 353 F. Supp. 929, 948 (E.D. Mich. 2005); *see also id.* at PageID.9472-73 (collecting cases).)

7

Looking to the average hourly rate in 2020[3] and 2023 for plaintiff employment lawyers in Michigan, which were $345 and $412, respectively, this Court found an hourly rate of $400 to be reasonable when calculating Plaintiff's fee award. (*Id.* at PageID.9473.)

In her pending motion, Plaintiff asserts that calculating the attorney fee award using this hourly rate, and using the same fee over the six-year period the case was pending, "is manifestly unjust." (ECF No. 191-1 at PageID.9508.) Plaintiff accuses the Court of "never evaluat[ing her] counsel's experience or qualifications and fail[ing] to recognize the importance Congress placed on fully compensating counsel for successful civil rights victims under Title VII[.]" (*Id.* at PageID. 9509.) She points out that another judge in this district used the upper quartile of the Michigan Bar Survey Data when approving her counsel's hourly rate of $375 for work done in 2015. (*Id.* at PageID.9509 (citing *Hunt v. Hadden*, 159 F. Supp. 3d 800, 807 (E.D. Mich. 2016).)

But, again, case law supports using the average prevailing market rates in the relevant community, rather than a higher percentile, as the fee-shifting statutes guarantee only competent, not the best and/or most expensive counsel. That one

---

[3] There is a typographical error in the February 19 decision, in that the Court wrote "2000" instead of "2020" when referring to the earlier publication of the Michigan Bar Survey Data on which it was relying for these rates. (ECF No. 189 at PageID.9473.) Elsewhere in the decision, however, the Court indicated that it was using the 2020 publication. (*See id.* at PageID.9471-73.)

8

judge in this district looked to rates in the upper quartile to find counsel's rate reasonable does not mean this Court legally erred when using the average. And when identifying the relevant rates, this Court undoubtedly considered Plaintiff's counsel's experience and other relevant factors. (*See* ECF No. 189 at PageID.9471-72 n.5.)

For these reasons, the Court rejects Plaintiff's assertion that its approach must be "remedied." (ECF No. 191-1 at PageID.9510)

## Across-the-Board Reductions

Plaintiff challenges the Court's across-the-board reductions in the hours her counsel billed to account for excessive billing,[4] the inability to determine the reasonableness of the time spent on discrete tasks due to block billing,[5] and the degree of Plaintiff's success in this matter. Plaintiff argues that the Sixth Circuit cautioned against the type of massive time reduction which the Court employed

---

[4] Plaintiff misunderstands the Court's observation in its February 19 decision that the employment law experts who provided affidavits supporting her counsel's hourly rate did not opine on the reasonableness of the time counsel billed. This omission was not relevant to the Court's conclusion that the hours billed were excessive. The Court simply was noting that these experts did not offer contrary opinions with respect to counsel's hours to support a different conclusion.

[5] To be clear, the Court expressly recognized that block billing is not per se improper. (ECF No. 189 at PageID.9473-74 n.6.) The Court only deducted time based on block billing where entries included unreasonably-billed activities and, due to the block billing, the Court was not able to assess how much time the remaining task(s) required.

here in *Minor v. Commissioner of Social Security*, 826 F.3d 878, 883-84 (6th Cir. 2016), and *Ohio Right to Life Society, Inc. v. Ohio Elections Commission*, 590 F. App'x 597, 604 (6th Cir. 2014). But neither case precludes a court from drastically reducing the hours billed by an attorney if it finds the reductions warranted and provides a sufficient explanation to enable a reviewing court to understand its reasoning.

The flaw identified in the district judge's "drastic overall reduction" in *Minor* was not the reduction itself, but the lack of an explanation which was "sufficiently specific to provide a clear picture of the reasoning supporting such minimal suggested hours." 826 F.3d at 884. The Sixth Circuit remanded the matter for the district court "to provide clear and reasonably specific explanations of its reasoning[.]" *Id*. While the Sixth Circuit expressed in *Ohio Right to Life Society* that drastic reductions "are exceptionally rare," it did not foreclose such reductions if supported by "a more thorough and specific explanation." 590 F. App'x at 604 (quoting *Bell v. Prefix, Inc.*, 565 F. App'x 498, 504 (6th Cir. 2013) (Moore, J., dissenting)).

The Court believes that it provided extensive and specific explanations for its across-the-board reductions. Plaintiff disagrees with the Court's reasoning, but that does not demonstrate an error of law.

10

**Conclusion**

In its previous decision, this Court set forth the applicable law and explained in detail its reasons for concluding that $400 was a reasonable hourly rate for calculating the fee award and why deductions were needed to calculate the hours Plaintiff's counsel reasonably expended on this case. Plaintiff has not met her burden to show that the Court legally erred in its award of fees and costs to her.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 191) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 23, 2025